1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Javier Torres, et al.,                    )    No. CIV 06-2482-PHX-SMM
                                               )
10              Plaintiffs,                     )    **ORDER**
                                               )
11  v.                                         )
                                               )
12                                             )
    Terry  Goddard,  Attorney  General  of)
13  Arizona, et al.,                           )
                                               )
14              Defendants.                     )
                                               )
15  _____)

16          Pending before the Court is a "Motion for Open Extension of Time to Respond to

17  Allegations of Plaintiffs' Complaint Not Addressed by Defendants' Rule 12(b)(6) Motion to

18  Dismiss" (Dkt. 25) filed defendants Terry Goddard, the Attorney General of the State of

19  Arizona, and Cameron Holmes, an Assistant Attorney General.  Plaintiffs's filed a Response

20  in opposition to Defendants's motion on December 5, 2006. (Dkt. 27).  In turn, Defendants's

21  filed a reply on December 15, 2006. (Dkt. 30).  After considering the arguments raised by

22  the parties in their briefs, the Court issues the following Order.[1]

23

24

25

26

27  _____

28          [1]The parties have had the opportunity to submit briefs in support of their respective positions
    and the Court would not find oral argument helpful in resolving this matter.  Accordingly, the Court
    finds the pending motion suitable for decision without oral argument.

**BACKGROUND**

Plaintiffs's filed a four-count Complaint on October 18, 2006. (Dkt. 1).  On November 20, 2006, Defendants moved to dismiss the portions of Plaintiffs's Complaint asserting claims for monetary relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 24).  Because Defendants's Motion to Dismiss only addressed the portions of Plaintiffs's Complaint asserting claims for monetary relief, Defendants filed the instant motion requesting the Court to grant them an open extension of time to answer those portions of the Complaint not addressed in the Motion to Dismiss.

**DISCUSSION**

The issue pending before the Court is whether filing a Rule 12(b)(6) Motion to Dismiss which addresses only some of the claims in the Complaint suspends the time for responding to the remaining claims as well.  Under the rules, a defendant must file an answer within 20 days of being served with the Complaint. Fed. R. Civ. P. 12(a)(1)(A).  However, when a motion is made on any of the grounds enumerated in Rule 12(b), the responsive pleading is due within 10 days after notice of the court's action. Fed. R. Civ. P. 12(a)(4).

Based on the language of Rule 12(a) of the Federal Rules of Civil Procedure, it is unclear whether service of a Rule 12(b) motion directed at only parts of a pleading enlarges the time for answering the remaining portions of the pleading.  Of the courts that have ruled on this issue, "the weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."[2] *See e.g. Finnegan v. University of Rochester Medical Center*, 180 F.R.D. 247 (W.D.N.Y., 1998); *Brocksopp Engineering, Inc. v. Bach-Simpson, Ltd.*, 136 F.R.D. 485 ( E.D. Wis. 1991); *Godlewski v. Affiliated Computer Services, Inc.*, 210 F.R.D. 571 (E.D. Va. 2002).   The rationale underlying the majority view is that the minority approach requires duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and causes confusion over the

---

[2]Charles Alan Wright & Arthur R. Miller, 5B Fed. Prac. & Proc. Civ. 3d § 1346 (West 2006).

1  proper scope of discovery while the motion is pending. *Godlewski*, 210 F.R.D. at 572.  On
2  the other hand, the minority approach prevents a party from using a partial Rule 12(b) motion
3  to delay adjudication of the remaining portion of the action. *Id*.

4       This Court prefers the majority view, which extends the defendant's time to file a
5  responsive pleading until 10 days after notice of the court's ruling even where the 12(b)
6  motion challenges only some of the claims in the Complaint.  The Court recognizes that there
7  is a possibility that partial Rule 12(b) motions will be used as a dilatory tactic under the
8  majority view; nonetheless, the Court finds that refusing to extend time for unchallenged
9  portions of a Complaint adds superfluous wrinkles to a lawsuit in its infancy.  In this Court's
10 view, the majority approach is more efficient because it eliminates confusion over the proper
11 scope of discovery.

## CONCLUSION

13      Accordingly,

14      **IT IS ORDERED** that Defendants's Motion for Open Extension of Time to Respond
15 to Allegations of Plaintiffs' Complaint Not Addressed by Defendants' Rule 12(b)(6) Motion
16 to Dismiss (Dkt. 25) is **GRANTED**.

17      **IT IS FURTHER ORDERED** that Defendants shall file an answer to the entire
18 Complaint with 10 days after notice of the Court's ruling on Defendants's Rule 12(b)(6)
19 Motion to Dismiss Plaintiffs' Claims for Monetary Relief. (Dkt. 24).

20      DATED this 10th day of January, 2007.

Stephen M. McNamee
United States District Judge

- 3 -