**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Javier Torres, et al., | ) | No. CIV 06-2482-PHX-SMM |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Terry Goddard, Attorney General of | ) | |
| Arizona, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Before the Court is Plaintiffs' Motion to Strike Affirmative Defenses (Dkt. 54). Having considered the parties' arguments, the Court issues this Order.

**BACKGROUND**

Plaintiffs filed a four-count Complaint on October 18, 2006 (Dkt. 1), and a First Amended Complaint ("FAC") on June 4, 2007 (Dkt. 47). Plaintiffs' FAC pleads four causes of action under 42 U.S.C. §1983, alleging defendants' violations of plaintiffs' rights under the Fourth Amendment, the Due Process Clause, the Commerce Clause and Foreign Commerce Clause. According to the FAC, Defendants have seized and converted funds belonging to Plaintiffs, pursuant to broad blanket seizure warrants unsupported by any individualized or particularized suspicion of wrongdoing. Defendants seized the funds after Plaintiffs placed them into the stream of interstate or foreign commerce, attempting to send them via wire using money transfer services offered by Western Union. The First Amended

1   Complaint pleads these claims on behalf both of plaintiffs, individually, and others similarly
2   situated.

3       Defendants answered the FAC on June 21, 2007 (Dkt. 51).  Defendants contend that
4   the seizure warrants in question were lawful in all respects, and supported by probable cause.
5   Defendants raise seventeen affirmative defenses in their Answer.  Plaintiffs filed a Motion
6   to Strike certain of those affirmative defenses (Dkt. 54), pursuant to Federal Rule of Civil
7   Procedure 12(f).  That motion is fully briefed and ready for determination.  The Court has
8   jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).  Venue in this district is proper per 28
9   U.S.C. § 1391(b).

10   **STANDARD OF REVIEW**

11       A court "may order stricken from any pleading . . . any redundant, immaterial,
12   impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are generally
13   regarded with disfavor, but are proper when a defense is insufficient as a matter of law.
14   Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057
15   (5th Cir. 1982).  "The key to determining the sufficiency of pleading an affirmative defense
16   is whether it gives plaintiff fair notice of the defense."  Wyshak v. City Nat. Bank, 607 F.2d
17   824, 827 (9th Cir. 1979).

18   **DISCUSSION**

19       Plaintiffs seek to strike affirmative defenses (f) through (q), or twelve of Defendants'
20   seventeen total affirmative defenses.  Plaintiffs allege several deficiencies in those twelve
21   affirmative defenses, the most common of which is failure to provide adequate notice of the
22   factual and legal bases for the defense.  Defendants respond that providing the affirmative
23   defenses in a list format provides fair notice, given that Plaintiffs are aware of the lawsuit's
24   factual and legal context.

25       The Court's central task in deciding this motion is thus to determine whether the
26   affirmative defenses as stated provide sufficient notice of their bases.  Certain matters must
27   be pled with particularity, including lack of capacity to sue.  Fed. R. Civ. P. 9(a).  The
28   sufficiency of pleading other affirmative defenses depends on the nature of the affirmative

defense.  Merely naming the defense may be sufficient for some defenses, whereas others may require a brief explanation of why the defense might apply.  See, e.g., Qarbon.com Inc v. eHelp Corp., 315 F.Supp.2d 1046, 1050 (N.D. Cal. 2004) (listing defenses of waiver, estoppel, and unclean hands failed to provide fair notice).  With these general principles in mind, the Court will address each of the defenses individually.

### A.  Affirmative Defense (g): *Res judicata*, and/or claim preclusion, and/or issue preclusion

Plaintiffs believe this defense is insufficient because it fails to identify the prior proceeding that could carry a preclusive effect.  Defendants respond that the defense is based on the *in rem* forfeiture proceedings mentioned in the Complaint, and therefore Plaintiffs "have notice of the legal proceedings which provide the basis for these affirmative defenses." (Defs.' Resp. at 3.)  The statement of the affirmative defense must itself provide fair notice to the opposing party; it is not enough that elsewhere the pleadings indicate the basis for the affirmative defense, or that the opposing party might accurately assume that basis.  See Wyshak, 607 F.2d at 827.  The defenses of issue and claim preclusion are not limited to proceedings mentioned in the pleadings.  See Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (claim preclusion); Diruzza v. County of Tehama, 323 F.3d 1147, 1152 (9th Cir. 2003) (issue preclusion).  Even if Plaintiffs would correctly assume the prior proceedings to which Defendants allude, that still would not discharge  Defendants' obligation to provide fair notice of the basis for their affirmative defenses.

As pleaded, affirmative defense (g) does not provide fair notice.  Plaintiffs' motion will therefore be granted as to this defense.

### B.  Affirmative Defense (h): Statute of Limitations

Plaintiffs challenge the statute of limitations defense on the basis that Defendants fail to allege why Plaintiffs' claims are untimely. (Pls.' Mot. to Strike at 3.)  Defendants respond that the time limit for filing a claim in the forfeiture proceedings amounts to a "statute of limitations" which could bar a person's claims in the present action. (Defs.' Resp. at 3.)  The

1  Court finds that merely listing the statute of limitations is sufficient to provide fair notice of

2  the basis for the defense, i.e., that Plaintiffs' claims are time-barred..

3       Plaintiffs also challenge the legal sufficiency of the statute of limitations defense,

4  asserting that the limitations period for this action is two years. (Pls.' Mot. to Strike at 3,

5  citing A.R.S. § 12-542 and TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).)

6  Plaintiffs further assert that their claims only pertain to funds seized within two years prior

7  to the filing of this action, and therefore the statute of limitations defense fails as a matter of

8  law. (Pls.' Resp. at 3.) Plaintiffs cite FAC ¶ 20 as supporting their position that their claims

9  are limited to funds seized within two years of filing this action. However, that paragraph

10  merely states "[i]n the two years preceding the filing of this Complaint, defendant have (sic)

11  seized over $12 million in funds from thousands of transactions attempted by plaintiffs

12  and members of the proposed plaintiff class." (FAC ¶ 20.) Elsewhere Plaintiffs aver that

13  seizures began "in at least 2004." (FAC ¶ 10.) Given this discrepancy, the fact that this is

14  a purported class action, and that affirmative defense (h) provides fair notice, Plaintiffs'

15  motion will be denied as to this defense.

16       **C. Affirmative Defense (i): Assumption of Risk**

17       Plaintiffs challenge the assumption of risk affirmative defense as insufficiently

18  pleaded, and as inapplicable to a § 1983 claim. Defendants respond that the "evidence in this

19  case will show that [Plaintiffs] knew that their electronic funds transfer [would facilitate]

20  some kind of illegal activity," and that assumption of risk is a valid defense under certain

21  factual circumstances. (Defs.' Resp. at 4.) Unfortunately, Defendants failed to include that

22  brief explanation in their Answer. The Court finds that a reference to this doctrine, without

23  any legal or factual basis for the affirmative defense, does not provide fair notice of the

24  defense. See Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal.

25  2004). Defendants' post hoc explanations do not compensate for the deficient initial

26  pleading. Therefore the defense will be stricken.

27  //

28  //

1          **D.  Affirmative Defense (j): Estoppel**

2          Plaintiffs argue that the simple assertion of estoppel, "with numerous possible

3  applications requires additional specificity to satisfy the notice pleading standard."  (Pls.'

4  Mot. to Strike at 4, quoting Ganley v. County of San Mateo, 2007 WL 902551, *2 (N.D. Cal.

5  March 22, 2007).)  Defendants respond that Plaintiffs' claim of ownership in the funds seized

6  is "inconsistent with their original purpose to give the money away."  (Defs.' Resp. at 4.)

7  Defendants miss the thrust of Plaintiffs' motion: that merely listing estoppel as an affirmative

8  defense fails to provide fair notice of its basis, particularly given the numerous types of

9  estoppel.  See Black's Law Dictionary 589-91 (8th ed. 2004).  Therefore the defense will be

10  stricken.

11          **E.  Affirmative Defense (k): Illegality**

12          Plaintiffs claim that the Answer fails to provide fair notice of the nature of the

13  illegality defense.  (Pls.' Mot. to Strike at 4.)   Defendants respond that, as with the

14  assumption of risk defense, Plaintiffs knew or should have known that the transferred funds

15  were to be used for illegal activities.  (Defs.' Resp. at 5.)  As with the assumption of risk

16  defense, the Court finds that merely listing a doctrine does not provide fair notice of the

17  nature and basis for the defense.   See Qarbon.com Inc., 315 F. Supp. 2d at 1049-50.

18  Therefore the defense will be stricken.

19          **F.  Affirmative Defense (l): Waiver**

20          Defendants assert that "[t]he same factual circumstances which support the defense

21  of estoppel in this case also support the defense of waiver."  (Defs.' Resp. at 5.)  Be that as

22  it may, those same factual circumstances are not stated in the defense itself, even if they are

23  alleged elsewhere in the Answer.  Defendants also assert that the Plaintiffs' knowledge of

24  the factual background of the case, combined with allegations scattered throughout the

25  Answer, provide notice of the basis for waiver.  (Defs.' Resp. at 5-6.)  Assuming that

26  Plaintiffs could cobble together the basis in this manner, that ability would not relieve

27  Defendants of their duty to provide fair notice.  Therefore the defense will be stricken.

28  //

**G. Affirmative Defense (m): Release**

Relying on the same arguments set forth with regard to estoppel and waiver, Defendants assert that merely listing "release" as an affirmative defense provides fair notice. For the same reasons set forth above, these arguments are unavailing.

**H. Affirmative Defense (n): Unclean Hands**

Defendants rely on the same arguments as set forth regarding assumption of risk and illegality—that Plaintiffs knew or should have known of the illegal purpose for the transferred funds—as the basis for an unclean hands defense. (Defs.' Resp. at 6.) Defendants further assert that "Defendants' position as to the nature and purpose of the money transfers in question is well known to the Plaintiffs," and thus the listing of "unclean hands" provided fair notice. (Id.) The Court again finds these arguments insufficient, and the defense will be stricken.

**I. Affirmative Defense (o): Persons and/or entities who are not presently parties to this action were wholly or partially at fault in causing the injuries or damages complained of by Plaintiffs.**

Plaintiffs argue that this is not a proper defense under Rule 8(c), that Defendants fail to identify the person or entity that may be liable, and that the difference between this defense and affirmative defense (p) is not clear. (Pls.' Mot. at 6.) Defendants respond that affirmative defenses are not limited to those listed in Rule 8(c), and that defense (o) as pleaded provides fair notice. (Defs.' Resp. at 7.) The Court agrees that affirmative defense (o) provides fair notice, and that the defenses listed in Rule 8(c) are not exhaustive. Plaintiffs provide no support for their contention that Defendants must identify the persons or entities. Additionally, confusion as to the difference between this defense and affirmative defense (p) militates against striking this defense at the pleading stage. See S.E.C. v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (requiring that questions of law be clear and not in dispute in order for to strike an affirmative defense). Therefore the motion will be denied as to affirmative defense (o).

//

//

**J.  Affirmative Defense (p): Failure to join a party or parties under Rule 19.**

Plaintiffs set for the same arguments to this defense as they do to affirmative defense (o).  Defendants again assert that they are not required to name particular parties, and the Court agrees.  Plaintiffs' reply addresses the merits of the need to join government agencies and Western Union.  (Pls.' Reply at 6.)  Plaintiffs do not "convince the Court . . . that under no set of circumstances could the defense succeed."  <u>Sands</u>, 902 F. Supp. at 1165 (citations omitted).  Therefore the motion will be denied as to affirmative defense (p).

**K.  Affirmative Defense (f): Lack of capacity and/or standing**

Affirmative defense (f) asserts "[l]ack of capacity and/or standing of the named Plaintiffs to assert claims on behalf of unnamed parties, including members of the proposed plaintiff class, for the reason that the Plaintiffs cannot meet the requirements of Rule 23(a), Federal Rules of Civil Procedure."  (Answer at 9.)  Plaintiffs contend that this is not an affirmative defense, but a response to the yet-to-be-filed motion for class certification.  (Pls.' Mot. at 6.)  Defendants respond that while this does not "formally qualify" as an affirmative defense, other provisions in the Rules indicate it is proper to affirmatively assert these defenses in a responsive pleading.  (Defs.' Resp. at 8.)  Defendants provide Rule 9(a) as an example.

Granting Defendants' premise, this still does not save affirmative defense (f) because Defendants do not comply with Rule 9.  A party raising the issue of capacity or authority to sue "must state any supporting facts that are peculiarly within the party's knowledge," which Defendants have not done.  Fed. R. Civ. P. 9(a).  Defendants' contention that Plaintiffs must show that they would be prejudiced if the challenged material remained is not supported by any authority from within the Ninth Circuit for this contention.  Therefore the defense will be stricken.

//

//

//

**L.  Affirmative Defense (q): Failure to state a claim upon which relief can be granted.**

Plaintiffs contend that failure to state a claim upon which relief can be granted is not an affirmative defense.  (Pls.' Mot. at 7.)  Defendants again concede that this does not "formally qualify" as an affirmative defense, but argue that Rule 12(b) supports the propriety of affirmatively asserting the defense in a responsive pleading. (Defs.' Resp. at 8.)  Rule 12(b) requires that every defense shall be asserted in the responsive pleading.  Failure to state a claim may be raised at various stages of the litigation, including "in any pleading permitted or ordered under Rule 7(a)." Fed. R. Civ. P. 12(h)(2).  Whether or not failure to state a claim formally qualifies as an affirmative defense, it is a defense properly raised in the Answer and provides fair notice of its basis.

## CONCLUSION

As Benjamin Franklin observed, "an ounce of prevention is worth a pound of cure." In this case, a sentence or two in the Answer is worth a paragraph or two in response to the Motion to Strike.  For the reasons given above, Plaintiffs' Motion to Strike is granted in part and denied in part.  The Court grants Defendants twenty days in which to amend their Answer to the FAC.  Accordingly,

**IT IS HEREBY ORDERED** granting Plaintiffs' Motion to Strike affirmative defenses (f), (g), (i), (j), (k) (l), (m), and (n).  (Dkt. 54.)

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Strike affirmative defenses (h), (o), (p), and (q).  (Dkt. 54.)

**IT IS FURTHER ORDERED** that Defendants shall have until **December 21, 2007** to file an amended Answer to the First Amended Complaint.

DATED this 3rd day of December, 2007.

Stephen M. McNamee
United States District Judge

- 8 -