**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Javier Torres, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Terry Goddard, Attorney General of Arizona, et al.,<br><br>　　　　Defendants. | No. CV-06-2482-PHX-SMM<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. 81). Defendants oppose this motion and move to strike footnote six of the proposed Second Amended Complaint (Dkt. 87). As described below, the Court finds that pleadings ought not contain footnotes. The Court will therefore deny the Motion for Leave with permission to refile in accordance with the rules and standards that govern pleadings.

### STANDARD OF REVIEW

A court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally regarded with disfavor, but are proper when a defense is insufficient as a matter of law. Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). A

matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy Inc., 510 U.S. 517 (1994). A matter is impertinent if it consists of statements that do not pertain and are not necessary to the issues in question. Id. The moving party need not show that the material is prejudicial if granting the motion would streamline the ultimate resolution of the action. Id. at 1528.

## DISCUSSION

Defendants assert that footnote six should be stricken because it is "not an operative fact related to any element of the Plaintiffs' claims" and is therefore immaterial and impertinent. (Defs.' Resp. 13.) The Court finds that by its very nature, allegations contained in a footnote have "no essential or important relationship to the claim for relief." Fogerty, 984 F.2d at 1527. Pleadings must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If an allegation bears an essential or important relationship to the claim for relief, it warrants inclusion in the body of the pleading. If it does not bear such a relationship, it does not belong in the pleading, though it may be relevant to subsequent filings. Therefore the Court finds Defendants' Motion to Strike to be meritorious.

Furthermore, the Court finds that this reasoning applies not only to footnote six, but extends to all footnotes in the proposed Second Amended Complaint. The Court will therefore deny Plaintiffs' Motion for Leave to File Second Amended Complaint, and deny Defendants' Motion to Strike as moot. Plaintiffs may refile a motion for leave to file a Second Amended Complaint that does not contain footnotes. The Court notes in this regard that Plaintiffs must comply with Local Rule 15.1 by lodging an original of the proposed amended pleading separate from their motion to amend. See LRCiv 15.1(b) ("The original must not be physically attached or made an exhibit to a motion to amend . . . ."). Defendants may then refile their opposition, if any, to the proposed Second Amended Complaint, which the Court will then address.

**CONCLUSION**

For the above reasons,

**IT IS HEREBY ORDERED** denying Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. 81).

**IT IS FURTHER ORDERED** denying as moot Defendants' Motion to Strike footnote six (Dkt. 87).

DATED this 22nd day of April, 2008.

Stephen M. McNamee
United States District Judge