**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Javier Torres, et al., | No. CV-06-2482-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| Terry Goddard, Attorney General of Arizona, et al., | |
| Defendants. | |

Upon review of the parties' Stipulated Motion for Protective Order (Dkt. 120), and good cause appearing,

**IT IS HEREBY ORDERED**:

Whereas this lawsuit ("Action") involves claims brought by JAVIER TORRES, ALMA SANTIAGO and LIA RIVADENEYRA on behalf of themselves and a putative class of others against TERRY GODDARD and CAMERON ("KIP") HOLMES (collectively, "the Parties");

Whereas the Plaintiffs issued and served a Subpoena for the Production of Records ("Subpoena") to Western Union Financial Services, Inc. ("Western Union") on December 17, 2007 (and as amended thereafter) that seeks the production of certain documents;

Whereas the time for Western Union to respond to the Subpoena has been extended;

//

Whereas Western Union has asserted that certain documents responsive to the Subpoena contain commercially sensitive, proprietary or other confidential information; and

Whereas counsel on behalf of Plaintiffs have agreed that certain documents to be produced by Western Union shall be kept confidential in accordance with the terms of this Protective Order Regarding Documents Produced by Western Union ("Order") in order to facilitate the discovery of such records and avoid unnecessary disputes;

Now therefore, it is ordered agreed as follows:

1. Western Union may designate as "Confidential," documents or portions of documents which reveal either (a) the names or other personal or contact information regarding Western Union customers or persons to whom they sent or attempted to send funds by money transfer, or (b) proprietary business practices of Western Union or Western Union trade secrets.

2. All documents or portions of documents designated "Confidential" and produced by Western Union; and all information contained therein, shall be deemed "Confidential Information" pursuant to this Order.  However, upon certification by the Court of any class, the identity and mailing address of any member of the class shall not be Confidential Information, and nothing in this Order shall restrict the ability of Plaintiffs' counsel to communicate with members of the class or the putative class, or to make a public filing of return of service of notice to class members or otherwise publically disclose in a court filing the identity and mailing address of any class member.

3. All Confidential Information produced by Western Union shall be used solely for the prosecution, defense or settlement of this action and may be disclosed only to:
   i. Counsel for the Parties to the action including partners, associates, or other attorneys, law clerks, paralegals, secretaries, translators, stenographers, and any person or entity employed to assist in class

        notice or claim processing, employed by the law firms of Parties' counsel;

  ii.    The Parties, including their insurers, or indemnifiers, whose participation in the action is deemed necessary by counsel of record for the Parties;

  iii.   Employees of copy services to the extent necessary to copy the Confidential Information;

  iv.   Deposition, hearing or trial witnesses, to the extent necessary for the witnesses' preparation for or giving of testimony;

  v.    Experts or consultants hired or retained by any of the Parties who are required or requested to review the Confidential Information to prepare or formulate opinions or conclusions;

  vi.   Court officials involved in this litigation, including but not limited to the presiding judge, court reporter, persons monitoring video equipment at depositions, and any special master or discovery referee appointed by the Court; and

  vii.  Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

4. Before disclosure of any Confidential Information is made to any person described in subparagraphs (ii), (iii), (iv) and (v) of Paragraph 3 hereof, such person shall be provided with a copy of this Order and shall execute the Agreement to be Bound appended to this Order as Exhibit A prior to being given access to such materials. It shall be the responsibility of counsel and the Parties giving access to preserve and retain in a separate file all executed Agreements to be Bound until the expiration of one year following final termination of the action.

5. No person receiving Confidential Information produced by Western Union shall reveal or discuss such Confidential Information with any person who is not entitled

to disclosure of such materials under Paragraph 2 hereof or use such documents or other information for any purpose other than this action.

6. Any document or pleading containing Confidential Information filed with the Court in this action shall be filed under seal in accordance with the Local Rules of the United States District Court for the District of Arizona governing the filing of documents under seal. Any party seeking to have any filing containing Confidential Information unsealed shall meet and confer with Western Union before filing any motion or otherwise seeking to unseal any Confidential Information. Any such motion or notice that such relief will be sought must be served by hand on Karl Tilleman, Steptoe & Johnson, LLP, Collier Center, 201 E. Washington St., 16th Floor, Phoenix, AZ 85004, at least seven business days before the matter will be heard.

7. The portion of any deposition transcript containing or referring to Confidential Information shall be designated as "Confidential - Subject to Protective Order" and disseminated only in accordance with the terms of this Order. Confidential Information may be referred to in written discovery requests and/or responses as long as the portions of the written discovery requests and/or responses that contain Confidential Information are disseminated only in accordance with the terms of this Order.

8. The failure to designate documents as "Confidential" does not constitute a waiver of such a claim and Western Union may so designate documents at any time within 30 days after such documents have been provided by notifying the attorney or party to whom the documents have been produced. The inadvertent disclosure of documents that are subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity shall not constitute a waiver of, or an estoppel as to, any claim of such privilege or protection, and any party who has received such documents shall, upon learning that such materials are

- 4 -

subject to a claim of privilege, either (a) immediately return such documents to Western Union, or (b) promptly notify the undersigned counsel in writing of its possession of such documents and immediately cease to use such documents for any purposed until obtaining the consent of Western Union or an appropriate order from the Court.

9. Nothing in this Order shall operate as an admission by Western Union that any particular document contains for any purpose other than discovery in this action commercially sensitive, propriety or other confidential information, nor shall this Order otherwise affect Western Unions' rights concerning discovery or any applicable objections, privileges or immunities in this or any action.

10. Within 60 days after the final determination of the action, all Confidential Information produced by Western Union and all copies thereof, including but not limited to, any notes or other transcriptions made therefrom, shall be returned to Western Union or, in lieu thereof, shall be discarded in a manner designated to prevent the information from being disclosed.

11. The attorneys of record and Parties are responsible for employing reasonable measures to control, consistent with this Order, access to, and distribution of copies of documents produced by Western Union.

12. Nothing herein shall prevent Western Union from seeking further and greater protection with respect to the use of any documents being produced by Western Union pursuant to the subpoena.

13. This Order shall be binding on all Parties and their counsel and anyone granted access to any Confidential Information produced by Western Union pursuant to subpoena by executing the annexed Agreement to be Bound.

14. The Parties shall give reasonable notice to the Court and Karl Tilleman, Steptoe & Johnson, LLP, Collier Center, 201 E. Washington St., 16th Floor, Phoenix, AZ 85004, if they intend to use any Confidential Information as evidence during the

trial or in any public hearing so that Western Union may apply to the Court for appropriate protective procedures consistent with the rules of this court and applicable precedent, which may include *in camera* review of Confidential Information, sealing of portions of transcripts containing or discussing Confidential Information and/or excluding persons from the courtroom who are not described in Paragraph 3 when Confidential Information is shown or discussed. Any party may object to any proposed protective procedure, and the Court will rule on the proposals and any objections prior to the trial or public hearing in question.

15. Any documents used as an exhibit at trial or any public hearing in the course of this action shall no longer be deemed to be Confidential Information pursuant to this Order.

16. The Court shall retain the authority, *sua sponte* or for good cause shown, to modify the provisions of this Order or to determine that any documents or information designated as Confidential Information shall no longer be protected by the provisions of this Order.

DATED this 17th day of June, 2008.

_____
Stephen M. McNamee
United States District Judge

"EXHIBIT A"

VIEWING RECORD AND AGREEMENT TO BE BOUND

I hereby acknowledge that I have been provided with a copy of the Confidential Stipulation and Protective Order entered in JAVIER TORRES, ALMA SANTIAGO and LIA RIVADENEYRA v. TERRY GODDARD and CAMERON ("KIP") HOLMES, and all related cross-actions, Case No. CV 06-02482-PHX-SMM, that I have read carefully and understand fully its provisions; that I agree to be bound by its terms with respect to all Confidential Information which may be disclosed to me in connection with this litigation; and that I submit to the jurisdiction of this Court for purposes of enforcement of the Confidential Stipulation and Protective Order, including without limitation, against me.

DATED: _____

NAME: _____

ADDRESS: _____

OCCUPATION: _____

EMPLOYER: _____

JOB TITLE: _____