**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Javier Torres, et al., ) | No. CV-06-2482-PHX-SMM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| Terry Goddard, Attorney General of ) | |
| Arizona, et al., ) | |
| ) | |
| Defendants. ) | |

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. 104). Defendants oppose this motion and move to strike language contained in paragraph 15 of the proposed Second Amended Complaint (Dkt. 109).

**STANDARD OF REVIEW**

Except for amendments made "of course" or pursuant to stipulation, leave of court is required to amend a pleading. Fed. R. Civ. P. 15(a). The rules require that leave to amend should be freely granted "when justice so requires." Id. The Supreme Court has identified four relevant factors in determining whether a leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). A proposed amendment is "futile" only if no set of facts can be proven under the amendment which would constitute a valid claim or defense. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). "Where there is a lack of prejudice to the opposing party and the amended complaint is

obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973). When exercising its discretion to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

A court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy Inc., 510 U.S. 517 (1994). A matter is impertinent if it consists of statements that do not pertain and are not necessary to the issues in question. Id. The moving party need not show that the material is prejudicial if granting the motion would streamline the ultimate resolution of the action. Id. at 1528.

**DISCUSSION**

**A. Motion to Amend**

Plaintiffs seek leave to file the proposed Second Amended Complaint in order to clarify, update and specify factual allegations, align the class definition with that contained in the motion for class certification, and withdraw one of the three proposed class representatives. (Dkt. 104, Pls.' Mot. for Leave 2.) Defendants oppose Plaintiff's motion for leave to amend on the grounds that the proposed amendments are futile. (Dkt. 109, Defs.' Resp.) A proposed amendment is "futile" only if no set of facts can be proven under the amendment which would constitute a valid claim or defense. Miller, 845 F.2d at 214.

Defendants object to three new allegations contained in the proposed Second Amended Complaint. First is the allegation that the seizures at issue occurred "without

lawful jurisdiction under Arizona law over either the property seized or its owners." (See Defs.' Resp. 4-7.) Defendants assert that this allegation is futile on account of a previous decision by the Arizona Court of Appeals in related state litigation. Plaintiffs contend that this is simply a factual allegation that Defendants can deny, and that the issue in the state litigation (investigative subpoena power) is different from the issue in this case (seizure). (Dkt. 114, Pls.' Reply 3-4.) Plaintiffs further contend that the Court of Appeals did not address the key issue of territorial jurisdiction.

The proposed amendment adds a new allegation, not a new claim, and the Court of Appeals case does not appear to address all potential issues in this case. Therefore futility is not a proper basis for denying the amendment. Cf. Miller, 845 F.2d at 214. As Defendants are free to deny this allegation, the Court will permit the amendment.

Second, Defendants contend that Plaintiffs' proposed Second Amended Complaint improperly asserts *respondeat superior* liability under 42 U.S.C. § 1983. (Defs.' Resp. 7-10.) The proposed Second Amended Complaint alleges as follows: "The defendants engaged in the conduct complained of both personally and through agents *or representatives working with and/or* acting pursuant to the defendants' direction and authority." (Dkt. 105, Proposed Second Am. Compl. ¶ 8 (emphasis added).) The italicized portion represents the only change from the First Amended Complaint. (Compare id. with Dkt. 47, First Am. Compl. ¶ 9.) The proposed Second Amended Complaint repeats elsewhere the allegation that law enforcement officials involved in the case were "working with and/or as agents or representatives of the defendants." (E.g., Proposed Second Am. Compl. ¶¶ 29, 31, 38.)

The Court finds that these allegations do not create an "additional theory of liability." Moreover, the proposed amendment is not futile because "working with" is not the only basis for liability under the proposed Second Amended Complaint—Defendants Goddard and Holmes can be held liable for any personal involvement in the alleged violations, as well as any violations which they directed. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The amendment will therefore be permitted.

Finally, Defendants contend that Plaintiffs' allegation that the State did not "describe with particularity the property to be seized" is also futile. (Defs.' Resp. 11-12.) As Defendants note, the level of detail necessary in a warrant varies based on the circumstances of the case and the type of items involved. United States v. Spilotro, 800 F.2d 959, 963 (9th Cir. 1986). The Court therefore finds that this amendment should be permitted, and leaves for a later date the issue of "whether the government was able to describe the items more particularly in light of the information available to it at the time the warrant was issued." Id.

### B. Motion to Strike

Defendants seek to strike paragraph 15, lines 21 to 27, of the proposed Second Amended Complaint. Those lines purportedly summarize the Superior Court's ruling in a related case, In the Matter of: Monies Described In Appendix One to the Supporting Affidavit, No. SW 2006-002213 (Maricopa County Superior Court). The Superior Court's ruling has been reversed by the Arizona Court of Appeals. See State of Arizona v. Western Union Financial Services, Inc., ___ Ariz. ___, 2008 WL 2583853 (Ct. App. July 1, 2008). In light of the Court of Appeals' ruling, Plaintiffs have withdrawn their opposition to the motion to strike. (Dkt. 137.) The Court will therefore grant Defendants' motion to strike.

### CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** granting Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. 104). The Clerk of the Court is directed to file Plaintiffs' proposed Second Amended Complaint (Dkt. 105).

**IT IS FURTHER ORDERED** granting Defendants' Motion to Strike paragraph 15, lines 21 to 27 (Dkt. 109).

DATED this 8th day of September, 2008.

Stephen M. McNamee
United States District Judge