**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAVIER TORRES, ALMA SANTIAGO and LIA RIVADENEYRA, on behalf of themselves and others similarly situated, | No. CV 06-2482-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| TERRY GODDARD, Attorney General of the State of Arizona, in his individual and official capacities, and CAMERON ("KIP") HOLMES, in his individual capacity, | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Certify Class (Doc. 79) and Memorandum in Support of Class Certification (Doc. 80), Defendants' Response and Objection to Motion for Class Certification and Request for Hearing (Doc. 92), and Plaintiffs' Reply Memorandum in Support of Class Certification (Doc. 108).

Defendants have requested a hearing to "take evidence from a limited number of relevant law enforcement officials concerning the facts supporting a belief that seized transactions were involved in criminal activity." (Resp. at 17). Federal Rule of Civil Procedure 23 grants courts wide discretion to decide whether a class should be certified. In making the certification decision, the court may permit discovery, limit discovery to

1  issues pertinent to class certification, and make appropriate orders to control the course of
2  proceedings. F.R.C.P. 23(d). The decision whether to grant discovery prior to class
3  certification lies within the trial court's discretion. <u>Kamm v. CA City Dev. Co.</u>, 509 F.2d
4  205, 209 (9th Cir. 1975). In exercising this discretion, the trial court is to consider "its
5  need, the time required, and the probability of discovery resolving any factual issue
6  necessary for the determination [whether to certify the class]." <u>Id.</u> at 210.

7       In its Response and Objection to Motion for Class Certification and Request for
8  Hearing, Defendants provide no arguments or case law as to how the law enforcement
9  officials' testimony relates to the class certification requirements of Rule 23, namely
10 typicality, commonality, and adequacy of representation. The Court will allow
11 Defendants to provide the Court with additional briefing regarding the relevancy of the
12 evidence from the law enforcement officials as it relates to the prerequisites for class
13 certification in Rule 23. Once the Court has reviewed any submission, the Court will
14 determine whether a class certification hearing is appropriate.

15      Accordingly,

16      **IT IS HEREBY ORDERED** that Defendants have until **Friday, November 21,**
17 **2008** to submit any additional briefing to the Court regarding the relevancy of the law
18 enforcement officials' testimony.

19      DATED this 6th day of November, 2008.

                               Stephen M. McNamee
                              United States District Judge