**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAVIER TORRES, ALMA SANTIAGO and LIA RIVADENEYRA, on behalf of themselves and others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>TERRY GODDARD, Attorney General of the State of Arizona, in his individual and official capacities, and CAMERON ("KIP") HOLMES, in his individual capacity,<br><br>       Defendants. | No. CV 06-2482-PHX-SMM<br><br>**ORDER** |

      Before the Court is Plaintiff's Motion to Certify Class (Docs. 79).  On November 6, 2008, the Court entered an Order allowing Defendants to provide supplemental briefing to address the necessity of a class certification hearing as well as the relevancy of proposed testimony from law enforcement officials at such a hearing (Doc. 148-49).  Subsequently, Plaintiffs were provided an opportunity to respond to Defendant's arguments (Docs. 150-51).

      After reviewing the parties' briefing, the Court finds that a hearing is warranted before a ruling is made on class certification.  When making the certification decision, the Ninth Circuit has stated that the district court should analyze the allegations of the complaint and other materials in the record, and consider the nature and scope of proof needed to establish those allegations.  Blackie v. Barrack, 524 F.2d 891, 900-01 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976).  However, an evidentiary hearing regarding

class certification may be held when the record itself is insufficient to determine whether certification is appropriate.  <u>Stolz v. United Bhd. of Carpenters and Joiners of America, Local Union No. 971</u>, 620 F. Supp. 396, 402 (D. Nev. 1985).

At the class certification hearing, the parties are asked to be prepared to address the following questions:

1. Are the individual class members' cases dissimilar enough as to prevent class certification?
2. Are the class representatives Javier Torres and Lia Rivadeneyra members of the proposed class and if so, are they able to adequately represent the class? Should a subclass be formed based upon the Sonora, Mexico warrant?
3. What is the effect of the Arizona Court of Appeals decision, <u>State of Arizona v. Western Union Financial Services</u>, No. 1 CA-CV 07-0178, 2008 WL 2583853 (Ariz. Ct. App. July 1, 2008) on the class' Fourth Amendment claims?
4. The Supreme Court has granted review and heard oral argument on the commerce clause issues raised in the above <u>Western Union</u> case. Consequently, should the Court wait to certify the class until the Arizona Supreme Court renders a decision in <u>State of Arizona v. Western Union Financial Services</u> (CV 08-0241-PR)?

If Defendants believe that testimony from the law enforcement officials at the call center would be helpful to answering the Court's specific questions, such limited testimony will be permitted at the hearing.

Accordingly,

**IT IS HEREBY ORDERED** that a class certification hearing will be held on **Wednesday, February 25, 2009, at 9 a.m**. in Courtroom 605, 401 W. Washington Street, Phoenix, AZ 85003.

DATED this 26th day of January, 2009.

Stephen M. McNamee
United States District Judge