**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAVIER TORRES, ALMA SANTIAGO and LIA RIVADENEYRA, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TERRY GODDARD, Attorney General of the State of Arizona, in his individual and official capacities, and CAMERON ("KIP") HOLMES, in his individual capacity,<br><br>Defendants. | No. CV 06-2482-PHX-SMM<br><br>**ORDER** |

Plaintiffs previously notified the Court that the parties had reached an impasse regarding certain discovery requests and the second version of Defendants' privilege log. According to Plaintiffs, Defendants assert that the requested materials are not discoverable on account of attorney-client privilege, work product protection, or the documents are "law enforcement sensitive." Plaintiffs contend that the issues in this case involve attorney conduct, and therefore Defendants' assertion of privilege and work product are in error.

While most discovery disputes are handled via telephonic hearing, the Court ordered the parties to submit written memoranda given the subject matter of the dispute (attorney-client privilege and work-product protection) (Doc. 128). Plaintiffs and Defendants both complied with the Court's Order (Doc. 135, 136).

In a July 29, 2010 Order, the Court examined the parties' arguments, and concluded that many of the documents in dispute were protected work product (Doc. 190). However,

1 as to certain documents for which the attorney-client privilege or law enforcement
2 investigatory privilege was claimed, Defendants were ordered to provide the Court with a
3 further showing of the grounds for assertion of the privilege. Specifically, those documents
4 requiring a further showing were as follows:

- <u>Attorney-Client Privilege</u>: documents numbered 9, 14, and 323
- <u>Law Enforcement Investigatory Privilege</u>: documents numbered 25, 81, 126, 130, 131, 132, 133, 166, 202, 213, 222, 228, 229, and 343

On August 20, 2010, Defendants provided additional briefing to the Court on the remaining contested documents (Doc. 191). Defendants stated that after review of the Court's July 29, 2010 Order and the specified documents, they had chosen to produce to the Plaintiffs the documents numbered 9, 25, 126, 130, 131 (with redaction of names), 132, 133, 213, 323, and 343. Thus, the only documents still in dispute currently are numbered 14, 81, 166, 202, 222, 228, and 229. For each of these documents, Defendants have provided the Court with its justification for protection of the remaining documents, as well as suggestions for resolution of the dispute.

<u>Document 14</u>: According to Defendants, this document represents a compilation of spreadsheet data provided by Dan Kelly, an investigator with the Arizona Department of Public Safety, in March 2008. The data was maintained by the Arizona Financial Crimes Task Force call center, and is related to the seizure of wire transfers through the Sonora Warrant. The information was compiled by Kelly to assist defense counsel in identifying specific examples of evidence already in the record that substantiated defense counsel's argument.

While Defendants claim that such a compilation of evidence used to assist counsel in developing a theme or argument is protected work product, the privilege log reveals that the document was withheld based upon the attorney-client privilege, not work product. "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, . . . as well as an attorney's advice in response to such disclosures." <u>United States v. Chen</u>, 99 F.3d 1495, 1501 (9th Cir. 1996) (internal quotation

omitted). The privilege applies to communications between a lawyer and a client where the lawyer counsels, as well as when the lawyer represents the client in litigation. Id. Based upon Defendants' description, it does not appear that the document represents a communication for the purpose of securing legal advice. Thus, the Court finds that Document 14 should be provided to Plaintiffs.

Document 81: This document includes summaries of two homicide investigations as well as data regarding Western Union transactions connected to the investigations. The document was created in an effort to encourage joint law enforcement efforts between Mexico and Arizona. Defendants state that they are unaware of whether the homicide investigations are still open, and thus, they are concerned that the release of this information could compromise any ongoing investigation or prosecution. For Defendants to assert the law enforcement investigatory privilege, certain elements must be met: (1) a formal claim of privilege by the head of the department with control over the requested information; (2) the assertion of the privilege must be based on personal consideration by that official; and (3) the information for which the privilege is claimed must be specified with an explanation as to why it falls within the scope of the privilege. U.S. ex rel Burroughs v. DeNardi Corp., 167 F.R.D. 680, 687 (S.D. Cal. 1996). With their briefing, Defendants have attached an affidavit from Cameron Holmes of the Arizona Attorney General's Office that meets the criteria for invoking the law enforcement investigatory privilege. Additionally, the Court finds that the homicide investigations appear unrelated to the transactions or seizures of funds at issue in this case. As a result, the Court will not order the production of this document.

*Document 166: This document consists of a fax cover sheet and a letter from Texas prosecutors to an individual in Texas regarding suspected illegal activities of a corporation. The Court finds that Defendants have not complied with the law enforcement investigatory privilege because there is no evidence that the government official claiming the privilege considered the contents of this document. Burroughs, 167 F.R.D. at 687. However, the Court will not order production of this document on relevancy grounds. Given the nature of the correspondence, the letter appears to have no connection to the claims in this litigation.

There is thus no reasonable basis to find that disclosure of the record involves evidence relevant to this case or could lead to the discovery of admissible evidence.

Documents 202/228: According to Defendants, document 202 reflects criminal investigatory conduct by Arizona law enforcement involving Western Union transactions, and includes statements from an informant. Document 228 contains a discussion of the development of evidence related to potential criminal prosecution of Western Union. The affidavit of Cameron Holmes states that these two documents are in the possession of the Arizona Attorney General's Office, and relate to investigations and potential prosecutions for which he has primary responsibility. The affidavit also states that the documents have been considered personally by Mr. Holmes and contain information on the potential criminal prosecution of Western Union should it willfully and materially breach its February 2010 settlement agreement with the State of Arizona. Due to the possibility of criminal prosecution, Mr. Holmes believes that it is important to maintain the confidentiality of internal law enforcement strategy as to the development of evidence and prosecution to avoid compromising any future investigation by the state. After consideration of Mr. Holmes' affidavit, the Court finds that the criteria for invoking the law enforcement investigatory privilege have been met as to documents 202 and 228. As a result, the Court will not order the production of these documents.

Document 222: Document 222 is a Concept of Operations memorandum prepared by the Untied States Department of Homeland Security, Immigration and Customs Enforcement for its Ice Storm operation. The document is dated August 27, 2003, and contains a legend "Limited Official Use, Law Enforcement Sensitive." The Court finds that Defendants have not complied with the law enforcement investigatory privilege because there is no evidence that the government official claiming the privilege considered the contents of this document. Burroughs, 167 F.R.D. at 687. However, as the seizures at issue were conducted as part of law enforcement activity by the State of Arizona, rather than as part of the federal Ice Storm operation, the Court finds that document 222 is not relevant and will protect it from disclosure on this basis.

*Document 229: This document contains background information regarding a federal criminal investigation in the Northern District of California. The document anticipates the involvement of a federal grand jury, and Defendants are not authorized to release materials related to a federal grand jury investigation occurring in another district. Defendants wish to exercise caution before releasing this information given that the investigation is not part of the Arizona activities that led to the seizures in dispute. Since the discovery dispute arose, the Court has denied class certification, and thus, the litigation is narrowed to the claims of two individuals, Javier Torres and Lia Rivadeneyra. The Court finds that Defendants have not complied with the law enforcement investigatory privilege because there is no evidence that the government official claiming the privilege considered the contents of this document. Burroughs, 167 F.R.D. at 687. However, the Court also finds that document 229 is not relevant to the seizures by the State or Arizona at issue here, and therefore is not likely to lead to discoverable information. As a result, the Court will not order production of this document.

Accordingly,

**IT IS HEREBY ORDERED** that document 14 must be produced to Plaintiffs.

**IT IS FURTHER ORDERED** that documents 81, 202, and 208 are protected from disclosure based upon the law enforcement investigatory privilege.

**IT IS FURTHER ORDERED** that documents 166, 222, and 229 are protected from disclosure on relevancy grounds. As to these documents only, should Plaintiffs believe that they are relevant to an issue in this case, they may make an appropriate showing to the Court.

DATED this 3rd day of September, 2010.

_____
Stephen M. McNamee
United States District Judge